## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2013-0077** |
| | ) | |
| **WADE L. DESHAZER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| —————————————————————— | ) | |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

### MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff Bank of America, N.A. ("Bank of America") against Defendant Wade L. Deshazer ("Deshazer"). (Dkt. No. 9). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

### BACKGROUND

    On July 18, 2013, Bank of America filed a Complaint against Deshazer, alleging causes of action for debt and foreclosure of real property mortgage. (Compl., Dkt. No. 1). Bank of America asserts that Deshazer is the titleholder of record to real property ("the Property"), which is described in the Warranty Deed attached to the Motion for Default Judgment as:

    Plot No. 37 (comprising 2,441 sq. ft., more or less), Estate Mt. Welcome, East End Quarter "A", St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 1727-3, dated September 22, 1966.

(Dkt. No. 10-1). The Complaint alleges that, on September 20, 2007, Deshazer executed and delivered to Allied Home Mortgage Capital Corporation ("Allied") a promissory note (the "Note"), which obligated him to pay the principal amount of $159,120.00, together with interest at a rate of 6.500% per annum, in consecutive monthly installments of $1,005.75 beginning November 1, 2007. (Dkt. No. 1, ¶¶ 7-8). The Note was subsequently conveyed to Bank of America. *Id.* ¶ 7. To secure payment on the Note, Deshazer granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Allied and its successors and assigns, a first priority mortgage dated September 20, 2007 over the Property (the "Mortgage"), which provided that Deshazer would pay to Bank of America the payments due under the Note. *Id.* ¶¶ 10-11. On May 11, 2012, MERS, for itself and as nominee for Allied, assigned its entire interest in the Property to Bank of America (the "MERS Assignment"). *Id.* ¶ 12.

The Complaint further alleges that Deshazer defaulted under the terms and conditions of both the Note and the Mortgage, in that monthly installments of principal, interest, and other charges became due and were not paid; that Bank of America gave notice of default to Deshazer by correspondence dated May 17, 2011, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 15-18. As a result, pursuant to the terms of the Note and Mortgage, Bank of America elected that the principal sum with all unpaid accrued interest be immediately due and payable. *Id.* ¶ 19.

With regard to the debt cause of action, the Complaint alleges that Deshazer owes Bank of America the unpaid principal balance, accrued interest, advances, expenses, fees, costs, and late charges. *Id.* ¶ 20. Bank of America further asserts that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with

regard to the Property, and that under the terms of the Note and Mortgage, it is entitled to be reimbursed for reasonable attorney's fees and other expenses it has incurred to enforce payment of the Note or incidental to foreclosure of the Property. *Id.* ¶¶ 22-23.

With regard to the foreclosure cause of action, the Complaint alleges that Bank of America has actual possession of and ownership rights to the Note and Mortgage, allowing it to maintain the foreclosure action; that Deshazer is in default under the terms and conditions of the Mortgage; and that Bank of America is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Deshazer. *Id.* ¶¶ 26-28.

Deshazer was personally served with copies of the Summons and Complaint on August 2, 2013. (Dkt. No. 4). He has neither answered the Complaint nor appeared in this action. On September 30, 2013, Bank of America filed an Application for Entry of Default against Deshazer. (Dkt. No. 6). The Clerk of Court entered default against Deshazer on October 21, 2013. (Dkt. No. 7).

On March 17, 2014, Bank of America filed its Motion for Default Judgment (the "Motion") (Dkt. No. 9), along with a Memorandum of Law in Support of Motion for Default Judgment (Dkt. No. 10), an Affidavit of Indebtedness (Dkt. No. 11), a Declaration of Counsel attesting to counsel's investigation of whether Deshazer was in the military service (Dkt. No. 12), and a Declaration of Counsel in Support of Costs and Attorney's Fees. (Dkt. No. 13). In its Memorandum of Law, Bank of America argues that the procedural elements for default judgment have been satisfied because: Deshazer was properly served with copies of the Summons and Complaint; the Clerk entered default against him; and he is not an infant or incompetent person, nor in the military service. (Dkt. No. 10 at 6). Bank of America further contends that the pleadings in this action provide a sufficient basis for entry of default judgment

on the merits of its claims, as the documentation shows that: title to the Property is held by Deshazer; Deshazer executed the Note and the accompanying Mortgage; Bank of America has possession of the original Note and is holder of the Mortgage in its own right and by way of the MERS Assignment; Deshazer defaulted under the terms of both the Note and the Mortgage; Bank of America gave Deshazer proper notice of the default and he failed to cure the default; and Bank of America elected to accelerate the amounts due and owing upon default, and foreclose on the Property. *Id.* at 7. In addition, Bank of America asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 7-10.

In support of the Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Thomas Felix Boehme, a Bank of America Assistant Vice President, who explained how the Bank's document management system keeps track, and maintains business records, of transactions related to the Mortgage and Note, and confirmed that the information in the Affidavit was accurate. (Dkt. No. 11, ¶¶ 2-6). The Affidavit sets forth the amounts due and owing through October 31, 2013: $152,535.81 in unpaid principal balance; interest from March 1, 2011 through October 31, 2013 of $26,428.36; pre-acceleration late charges of $100.56; escrow advances of $1,102.90, consisting of property taxes; hazard insurance charges of $8,652.21; title fees of $200.00; and property inspection fees of $468.65; for a total amount due of $189,488.49. *Id.* ¶ 6. Mr. Boehme asserts that interest accrues at the per diem rate of $27.1639. *Id.* ¶ 12.

In the Declaration of Counsel in Support of Costs and Attorney's Fees, Bank of America's Counsel, A. Jennings Stone, Esq., averred that he, as a Senior Associate Attorney, billed at $250.00 per hour on this matter, and that paralegal Pam Bayless billed at $125.00 per hour. (Dkt. No. 13). He attached billing records showing that the total time spent on this matter

was 14.55 hours through March 17, 2014; that the total amount of attorney's fees incurred was $3,788.75; and that the total amount of costs expended was $695.00. *Id.*; Dkt. No. 13-1.

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, '"the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment."' *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to

[defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

## ANALYSIS

### A. Default Judgment

Bank of America has satisfied all of the requirements necessary to obtain a default judgment against Deshazer. It has shown that: (1) default was entered against Deshazer by the Clerk of Court (Dkt. No. 7); (2) Deshazer has not appeared; (3) Deshazer is neither an infant nor an incompetent person (Dkt. No. 12, ¶¶ 7-8; *see also* Dkt. No. 4-1, Aff. of Process Server, describing Deshazer's age as in his "30's"); and (4) Deshazer was validly served with process. (Dkt. No. 4). In addition, Bank of America provided a copy of a Military Status Report from the Department of Defense Manpower Data Center showing that Wade Deshazer is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 12-1). Bank of America has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 11).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Bank of America resulting from Deshazer's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Deshazer's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21,

2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

### B. Attorney's Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorney's fees. (Dkt. No. 11-1, ¶ 6(E); Dkt. No. 11-2, ¶ 19). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

 "To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J.*, *Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of*

*Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10. The Court will address the two steps involved in assessing the reasonableness of attorney's fees in reverse order.

First, with regard to the hourly rate, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). Attorney Stone provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for partners at Virgin Islands law firms—who have over fifteen years of experience—is between $225.00 to $335.00 per hour. (Dkt. Nos. 10-3, 10-4, 10-5). Two of the affirmations indicate that associates are paid $250.00 per hour. *See* Dkt. No. 10-3 at 4 (noting that "the highest hourly billing rate for an associate attorney [at the declarant's firm] is $250.00/hr."); Dkt. No. 10-5 (stating that the typical associate attorney rate for foreclosure work is $250.00 per hour).

In his billing records, Bank of America's attorney, A.J. Stone, III, Esq., a senior associate at BoltNagi PC, charged $250.00 per hour from October 30, 2012 through July 17, 2013, and $275.00 per hour from August 5, 2013 through March 17, 2014. Based on the documentation provided, the Court concludes that the $250.00 per hour rate charged by Attorney Stone is reasonable and falls within the scope of rates for such services for comparable attorneys. However, the $275.00 per hour rate falls outside the scope of the documented reasonable rates for comparable attorneys. The Court will thus re-calculate the $3,788.75 in attorney's fees sought at a consistent $250.00 per hour rate. This re-calculated amount of attorney's fees is $3,645.00.

Second, with regard to the reasonableness of the time expended, Bank of America seeks compensation for 14.55 hours of work billed in this matter. Based on the Court's review of the

documentation provided, the Court finds that the hours billed were reasonably expended. Accordingly, the Court will award attorney's fees of $3,645.00.

With regard to costs, under the terms of the Mortgage, Deshazer agreed to "pay[] all expenses incurred in enforcing this Security Instrument[.]" (Dkt. No. 11-2, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota,* 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $695.00 for the following costs: title search, recording fees, on-line searches on Accurint (People/Business search), filing fees for Complaint, and process server. (Dkt. No. 13-1). The Court finds that these costs are reasonable, and—pursuant to the plain language of the Mortgage contract—will award costs in the amount of $695.00.

## CONCLUSION

Bank of America has satisfied the requirements necessary for entry of a default judgment against Wade L. Deshazer. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 9) on the debt and foreclosure causes of action will be granted. In addition, the Court will award $3,645.00 in attorney's fees and $695.00 in costs, for a total award of $4,340.00 in attorney's fees and costs through March 17, 2014.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 30, 2014                        _____/s/_____
                                               WILMA A. LEWIS
                                               Chief Judge